# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE P. LeBLANC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. WU, *et al.*,<br><br>　　　　Defendants. | Case No. CV 16-01367 JLS (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On February 26, 2016, plaintiff, a state prisoner presently incarcerated at the California Health Care Facility in Stockton, California, filled a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He subsequently was granted leave to proceed without prepayment of the full filing fee. Plaintiff's claims arise from incidents that took place while he was incarcerated at the California State Prison – Los Angeles County in Lancaster, California ("CSP-LAC"). (Docket No. 1 at 2.)[1] Plaintiff names as defendants Dr. C. Wu, Deputy Director J. Lewis, and Chief Physician and Surgeon S.A. Morris. All defendants are named in their official as well as

---

[1] The Court references the electronic version of the Complaint because the document plaintiff filed does not have consecutive page numbers.

individual capacities. (Docket No. 1 at 5.) The Complaint raises two claims, one pursuant to the Eighth Amendment for deliberate indifference to plaintiff's medical care (*id.* at 6), and one for negligence against Dr. Wu (*id.* at 12). Plaintiff seeks monetary compensation and "access to an urologist." (*Id.* at 11.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than April 22, 2016, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be

dismissed without leave to amend and with prejudice.[2]

### PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff alleges that he submitted Health Care Services Request forms concerning "urinary issues" on March 30, 2015, and April 7, 2015. (Doc. No. 1 at 6.) On April 9, 2015, he was seen by an RN and scheduled to see a doctor in fourteen days. (*Id.*) Prior to the scheduled visit, he submitted another Health Care Services Request form on April 15, 2015. (*Id.*) He was examined by Dr. Wu on April 22, 2015, who ordered a urinalysis and scheduled a follow-up visit in 30 days. (*Id.* at 7.)

The urinalysis was done on May 11, 2015, and plaintiff was seen for the follow-up visit with Dr. Wu on May 20, 2015. At that time, plaintiff asked Dr. Wu about "sternum pain," and "an argument ensued." Dr. Wu told plaintiff "to leave the office." (*Id.*) Plaintiff was "refused access" to the doctor from that day until July 7, 2015. He submitted four Health Care Services Request forms in late May and June. (*Id.* at 7-8.) On July 7, 2015, plaintiff again was seen by Dr. Wu, but defendant "refused to deal with [plaintiff's] urinary issue or write a referral to see the urologist." (*Id.* at 8.) Plaintiff filed an administrative appeal that day. (*Id.*)

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

On July 28, 2015, plaintiff was interviewed in connection with the appeal by Dr. Swaby (who is not a defendant herein). Dr. Swaby "refused to order medication" but he did initiate a referral for a urologist. (*Id.*) On August 24, 2015, plaintiff resubmitted the appeal, asking to see a urologist. On September 28, 2015, defendant Morris denied the referral to a urologist. The Third Level appeal was denied by defendant Lewis on December 9, 2015. (*Id.* at 9.) Plaintiff continued to complain in an unspecified manner of "urinary frequency, retention and leakage that caused loss of sleep, dehydration, [and] stomache [sic] pain." (*Id.* at 9-10.)

## DISCUSSION

Plaintiff's Complaint only purports to raise one federal civil rights claim – pursuant to the Eighth Amendment for deliberate indifference to his urinary issues.

The Eighth Amendment's proscription against cruel and unusual punishment also encompasses the government's obligation to provide adequate medical care to those whom it is punishing by incarceration. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). In order to establish a claim under the Eighth Amendment for inadequate medical care, a prisoner must show that a specific defendant was deliberately indifferent to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle*, 429 U.S. at 106. "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

First, to meet the objective element of a deliberate indifference claim, "a prisoner must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the 'unnecessary and wanton infliction of pain.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 946 (2015) (internal quotation marks omitted).

Second, to meet the subjective element, a prisoner must "demonstrate that the prison official acted with deliberate indifference." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. *See Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Here, the factual allegations in the Complaint reflect that Dr. Wu examined plaintiff for his urinary complaints less than one month after plaintiff alleges he first sought medical treatment for this issue. In addition, prior to being examined by Dr. Wu, and nine days after submitting his first request, plaintiff was seen by an RN. Dr. Wu ordered tests and saw plaintiff for a follow up visit approximately one month after the initial exam. Dr. Wu then saw plaintiff again on July 7, 2015, about seven weeks later. At the July visit, Dr. Wu refused treatment for the urinary complaints and refused to order a referral to a urologist. Plaintiff does not allege

that he had any further contact with Dr. Wu, or that Dr. Wu was aware that plaintiff's urinary complaints continued.

The factual allegations show that prison medical care providers were responsive to plaintiff's complaints of urinary problems, and that plaintiff experienced only a brief delay in receiving medical attention. Plaintiff also alleges that Dr. Wu told plaintiff to leave his office, but even if this is construed as a threat, threats or verbal harassment do not give rise to a federal civil rights claim. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (verbal harassment is not cognizable as a constitutional deprivation under §1983); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not constitutional deprivation under § 1983); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (prison guards' threat of bodily harm failed to state a claim under §1983). Further, plaintiff's disagreement with Dr. Wu's opinion that plaintiff's urinary problems did not require treatment does not constitute deliberate indifference under the Eighth Amendment. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1217 (9th Cir 2014) (prisoner's difference of opinion as to his medical treatment "is not actionable"); *Toguchi*, 391 F.3d at 1060 (a difference of medical opinion "cannot support a claim of deliberate indifference").

Plaintiff's factual allegations, even if construed liberally, fail to raise a reasonable inference that Dr. Wu knew that his decision not to order further treatment for plaintiff's urinary complaints presented an excessive risk to plaintiff's health, and that he disregarded that risk. *See, e.g., Toguchi*, 391 F.3d at 1058 (a prisoner must show that the chosen course of treatment was "medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to the prisoner's health). The constitution does not require prison officials to provide optimal medical care, and "even gross negligence" on the part of a medical provider is insufficient to state a claim pursuant to the Eighth Amendment. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

1    In addition, the only factual allegations against defendants Morris and Lewis
2 concern their role in plaintiff's administrative grievance. To the extent that plaintiff
3 is purporting to allege a federal civil rights claim arising from the failure of
4 defendants Morris and Lewis to act upon or properly resolve a prison administrative
5 appeal, plaintiff has no constitutional right to an effective grievance or appeal
6 procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that
7 a prisoner has no constitutional right to an effective grievance or appeal procedure);
8 *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Further, plaintiff may not state
9 a claim for deliberate indifference arising from the mere participation of a prison
10 official in an administrative appeal process. *See Peralta v. Dillard*, 744 F.3d 1076,
11 1086-88 (9th Cir. 2014) (*en banc*) (defendant's failure to follow required procedure
12 for inmate appeals "isn't, of itself, enough to establish a violation of [prisoner's]
13 constitutional rights," the prisoner must show both that the failure "put inmates at
14 risk" and that the defendant "*actually knew* that his actions put inmates at risk"
15 (emphasis in original)), *cert. denied*, 135 S. Ct. 946 (2015).

16    Accordingly, it appears to the Court that plaintiff's factual allegations in the
17 Complaint as presently alleged, even accepted as true and construed in the light
18 most favorable to plaintiff, are insufficient to nudge his claim for constitutionally
19 inadequate medical care against any defendant "across the line from conceivable to
20 plausible." *Twombly*, 550 U.S. at 570.

21                                    ************

22    **If plaintiff still desires to pursue this action, he is ORDERED to file a**
23 **First Amended Complaint no later than April 22, 2016, remedying the**
24 **pleading deficiencies discussed above.** The First Amended Complaint should bear
25 the docket number assigned in this case; be labeled "First Amended Complaint";
26 and be complete in and of itself without reference to the original complaint, or any
27 other pleading, attachment, or document.

28

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED:  March 11, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE