# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE LeBLANC,<br><br>  Plaintiff,<br><br>v.<br><br>CHENCONG WU, *et al.*,<br><br>  Defendants. | Case No. CV 16-01367-JLS (AFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Report and Recommendation of United States Magistrate Judge ("R&R"). Further, the Court has engaged in a de novo review of those portions of the R&R to which plaintiff has objected.

In his objections to the R&R, plaintiff requested that defendants provide the full transcript from the deposition of board-certified urologist Alexander Liu, M.D. Defendants subsequently filed that transcript (ECF No. 88-1) in response to an order of the Magistrate Judge (ECF No. 87). Certain aspects of the recently-filed Liu transcript are discussed below, but they do not warrant a change to the recommendation of the R&R that defendants' motion should be granted.

- Dr. Liu testified that plaintiff's subjective symptoms were not self-contradictory based on his experience. (ECF No. 88-1 at 20.) According to Dr. Liu, a patient could have "urinary frequency and hesitation at the same time," and that this "happens typically because of prostate or problems with the urethra." (*Id*. at 20.) This testimony does not directly dispute Dr. Wu's testimony that he personally found plaintiff's subjective symptoms to be self-contradictory. Instead, it reflects at most a difference in the medical opinions of two doctors. The contradictory nature of plaintiff's symptoms was only one factor in defendants' decision not to refer plaintiff to a urologist. It should also be noted that Dr. Liu found no problems with plaintiff's prostate (*id*. at 15, 17), and subsequent testing revealed no problems with plaintiff's urethra (*see* R&R at 10).

- Dr. Liu testified that it would have been better for plaintiff to have seen a urologist earlier, even though the lab results did not require it. (ECF No. 88-1 at 28.) He further testified that "It's hard to speculate. . . . I think it is unlikely that any harm would have been done, but it is certainly possible." (ECF No. 88-1 at 28.) This testimony does not change the undisputed fact that plaintiff had no serious objective medical issue that required a referral to a urologist. Plaintiff also admits that Dr. Liu's prescribed treatment failed to relieve his symptoms; thus, it is speculative to contend that seeing a urologist earlier would have changed plaintiff's medical condition.

- Dr. Liu testified that he does not specifically recall his examination of plaintiff, but he would have reviewed any medical records that were sent with the patient. (ECF No. 88-1 at 26-27.) From this testimony, it is unclear what portions of plaintiff's medical records were sent to Dr. Liu and whether Dr. Liu knew the extent of plaintiff's mental health issues. It is also unclear whether his assessment of plaintiff's subjective symptoms is based on different information than that of defendants. In any event, Dr. Liu testified that, based on plaintiff's medical records, "there's really no reason to suspect any urological problems based on these

negative reports." (*Id.* at 27.)  Accordingly, it remains undisputed that plaintiff's medical records did not support an objective medical need for a referral to a urologist.

      IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) defendants' Motion for Summary Judgment is granted in favor of defendants Wu and Morris; (3) plaintiff's claims against defendant Lewis are dismissed without leave to amend and with prejudice for failure to state a claim; and (4) Judgment shall be entered in favor of defendants.

DATED:  November 16, 2018

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE